IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:21-CV-147-D

WALKER LAMBIOTTE AND LESLIE
LAMBIOTTE,

    Plaintiffs,

v.

FIRST PROTECTIVE INSURANCE
COMPANY,

    Defendant.

**STIPULATED CONSENT
PROTECTIVE ORDER**

This matter is before the Court upon the Defendant's Motion for Entry of Stipulated Consent Protective Order to expedite the flow of discovery materials, facilitate the prompt resolution of discovery disputes as well as disputes concerning confidentiality, protect certain materials designated as Confidential, and ensure that protection is afforded only to materials so designated. During the course of discovery in this action, Plaintiffs have requested and the parties will have reason to exchange confidential information, including but not limited to personal, business, financial, investigatory, and proprietary information of the Defendant which may be confidential pursuant to laws protecting the confidentiality of such information. Counsel for the parties have deemed it to be in the best interest of the parties to facilitate the discovery process by agreeing to maintain such information as confidential and to restrict the dissemination of such information.

Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of counsel for Plaintiffs and Defendant, good cause having been shown, and the Court deeming it just and proper to do so, it is hereby ORDERED as follows:

1. **SCOPE**.

Subject to the limitations contained in ¶ 3., documents produced in the course of discovery, responses to discovery requests, deposition testimony, deposition exhibits, and other materials which may be subject to discovery (hereinafter, collectively, "documents") may be subject to this Order concerning confidential information as set forth below.

2. **FORM AND TIMING OF DOCUMENTS**.

Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner that will not interfere with the legibility of the document and which will permit complete removal of the "CONFIDENTIAL" designation. Documents shall be designated "CONFIDENTIAL" prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Order.

3. **DOCUMENTS WHICH MAY BE DESIGNATED CONFIDENTIAL**.

Any party may designate documents pertaining to proprietary business information; financial information (including, but not limited to, statements of profits and losses, assets and liabilities, balance sheets 10-K annual reports, and tax returns); sensitive personal information (including medical and employment records); trade secrets; confidential research and/or development information; and/or commercial information after review of the documents by a party's attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute or fall within the described categories within this paragraph.

4. **DEPOSITIONS**.

Portions or depositions shall be deemed "CONFIDENTIAL" only if designated as

such when the deposition is taken or within twenty-one (21) days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **PROTECTION OF CONFIDENTIAL MATERIAL.**

   A. **GENERAL PROVISIONS.**

   Documents designated "CONFIDENTIAL" under this Order shall not be used or disclosed by the parties or counsel for the parties or any other persons identified in ¶ 5.(B.) below for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

   B. **LIMITED THIRD PARTY DISCLOSURES.**

   The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated "CONFIDENTIAL" under the terms of this Order to any person or entity, except as set forth in subparagraphs (1) – (7) below:

   (1) counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

   (2) parties and employees of a party to this Order, but only to the extent counsel shall certify that the specifically named individual party or employee's assistance is necessary to the conduct of the litigation in which the information is disclosed;

   (3) Insurance adjusters and their company as needed for the monitoring of litigation;

   (4) court reporters, stenographers, and/or videographers engaged for

3

depositions;

(5) third-party vendors specifically engaged for the limited purpose of photocopying and/or reproducing documents;

(6) consultants, investigators, and/or experts (hereinafter, collectively referred to as "consultants") employed by the parties or counsel for the parties to assist in the preparation and/or trial of the lawsuit;

(7) other persons only upon consent of the producing party or upon order of the court and on such conditions as are agreed to or ordered.

C. **CONTROL OF DOCUMENTS**.

Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" pursuant to the terms of this Order. Counsel shall maintain a record of third-parties, who have reviewed or been given access to the documents.

D. **COPIES**.

All copies, duplicates, summaries, or descriptions (hereinafter, collectively referred to as "copies") of documents designated as "CONFIDENTIAL" under this Order, or any portion of such document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

6. **FILING OF CONFIDENTIAL MATERIALS**

   A. **ALTERNATIVES TO FILING UNDER SEAL**

   In the event a party seeks to file any materials that are subject to protection under this Order with the court, that party shall take appropriate action to ensure that the documents receive proper protection from public disclosure, including:

   (1) filing a redacted document with the consent of the party who designated the document as confidential;

   (2) where appropriate (*e.g.*, in relation to discover and evidentiary motions), submitting the documents solely for *in camera* review.

   B. **FILING UNDER SEAL**

   In the event that the procedures outlined above in Part 6(A) of this Order are inadequate, a party seeking to file any materials under seal shall follow the procedures set forth below, in accordance with Rule 79.2 of the Local Rules of the United States District Court for the Eastern District of North Carolina and Section V.G.1 of the Electronic Case Filing Procedures for the United States District Court for the Eastern District of North Carolina:

   Each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

   (i) The exact document or item, or portions thereof, for which the filing under seal is requested;

   (ii) How such request to seal overcomes the common law or the First

5

Amendment presumption to access;

(iii) The specific qualities of the material at issue which justify sealing the material, taking into account the balance of competing interest in access;

(iv) The reasons why alternatives to sealing are inadequate; and

(v) Whether there is consent to the motion.

**In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.**

7. **GREATER PROTECTION OF SPECIFIC DOCUMENTS**.

No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an Order providing such special protection. Nothing in this document waives a party's right to object on the basis of privilege, but a privilege log must be provided describing the documents withheld with enough detail to address with the Court (*i.e.*, name of document, date of document, to whom addressed and from.)

8. **CHALLENGES TO DESIGNATION AS CONFIDENTIAL**.

Any "CONFIDENTIAL" designation is subject to challenge. The following procedures shall apply to any such challenge:

A. The burden of proving the necessity of a "CONFIDENTIAL" designation remains with the party asserting confidentiality.

B. A party who contends that documents designated "CONFIDENTIAL" are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge within

6

fourteen (14) days from service of the document.

C. The party who so designated the documents shall have fourteen (14) days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the "CONFIDENTIAL" designation.

D. Notwithstanding any challenge to a "CONFIDENTIAL" designation, all material designated "CONFIDENTIAL" shall be treated as subject to the full protections of this Order until one of the following occurs:

(1) the party who claims that the documents are confidential withdraws such designation in writing;

(2) the party who claims that the documents are confidential fails to move timely for an Order designating the documents as confidential as set forth in ¶ 8.(b.) above; or

(3) the court rules that the documents should no longer be designated as confidential information.

9. **TREATMENT ON CONCLUSION OF LITIGATION**.

   A. **ORDER REMAINS IN EFFECT**.

   All provisions of this Order restricting the use of documents designated "CONFIDENTIAL" shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

   B. **DESTRUCTION OF "CONFIDENTIAL" DOCUMENTS**.

   Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this

7

Order, including copies as defined herein shall be destoyed by the party in receipt of such documents, with the exception of any document(s) that has been entered as evidence or filed (unless introduced or filed under seal). Such destruction shall include all paper and electronic copies of such documents.

Notwithstanding the above requirements to destroy documents, counsel may retain attorney work product, including an index which refers or relates to information designated "CONFIDENTIAL," so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be confidential under the terms of this Order. An attorney may use his/her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

10. **ORDER SUBJECT TO MODIFICATION**.

This Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Order. The Order shall not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

11. **NO JUDICIAL DETERMINATION**.

This Order is entered for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as "CONFIDENTIAL" by counsel is subject to protection under Rule 26(c) of the North Carolina Rules of Civil Procedure or otherwise until such time as a document-

specific ruling shall have been made.

12. **PERSONS BOUND.**

This Order shall take effect, and the parties, their counsel, and their respective law firms agree to be bound by the terms of this Order, upon agreement of the terms of this Order (i.e., prior to entry by the Court) and this Order shall be binding upon the parties, the parties' counsel and their respective law firms.

SO ORDERED, this the **30** day of **December**, 20**22**.

_____
Robert B. Jones, Jr.
United States Magistrate Judge